IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET JOENS, and all others similarly situated

    Plaintiff,

v.

NATIONSTAR MORTGAGE
LLC D/B/A MR. COOPER and
PINGORA LOAN SERVICING, LLC

    Defendants.
_____/

CASE NO.: 8:23-CV-
**JURY TRIAL DEMANDED**
**CLASS ACTION ALLEGED**

## VERIFIED COMPLAINT

Plaintiff, JANET JOENS ("JOENS" or Plaintiff), for and on behalf of all others similarly situated, sues Defendants, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER ("Mr. Cooper") and PINGORA LOAN SERVICING, LLC ("Pingora"), and alleges:

### Introduction

1. Count I of this action is a breach of contract count, resulting from a breach of a Note and Mortgage.

2. Count II of this action is brought pursuant to the Real Estate Settlement and Procedures Act (12 U.S.C § 2605) and the rules governing same - Regulation X (12 C.F.R. § 1024)

3. Count III of this action is brought pursuant to the Fair Debt Collections Practices Act (15 U.S.C § 1692, et. seq.)

4. Count IV of this action is brought pursuant to the Florida Consumer Collection Practices Act (Fla. Stat. § 559.55, et. seq.)

### Parties

5. Plaintiff, JANET JOENS, is an unmarried woman residing the majority of her time in Hillsborough County, Florida.

6. Plaintiff is the former 1/2 owner of 3676 Johnathon Ave., Palm Harbor, FL 34685 ("Subject Property") located in Pinellas County Florida.

7. Defendant, PINGORA LOAN SERVICING, LLC is a limited liability company that transacts business in this disctrict and in the state of Florida by owning and holding mortgages on real property.

8. Defendant, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, is mortgage servicer which does business in this District and in this state by servicing loans, for and on behalf of Pingora.

9. Venue is proper as the facts giving rise to this claim arose in this district.

10. Jurisdiction is proper, as this Court has federal question jurisdiction as to the RESPA claim pursuant to 28 U.S.C § 1331. The Court has Supplemental Jurisdiction as to the Breach of Contract claim 28 U.S.C § 1367.

### General Allegations

11. Ms. Joens, and her former boyfriend (non-party Philip Reid) entered into a Note and Mortgage with respect to the Subject Property on July 19, 2017 with UNION HOME MORTGAGE CORP, attached as Exhibit A.

12. Over time, Ms. Joens and Mr. Reid ended their relationship.

13. After the relationship ended, Ms. Joens filed an action for partition or or about December 29, 2021.

14. During the pendency of that proceeding, a mortgage foreclosure action was filed by the Defendant - Pingora.

15. In its Complaint in that suit, Pingora alleged that it was the "holder of the Note" with respect to the subject property.

16. Pingora alleged that the Plaintiff and/or her boyfriend has stopped making the Mortgage payment in January of 2022.

17. Based on the initial complaint in that suit, Defendant, Mr. Cooper, indicated that it was a servicing agent for Pingora.

18. During the pendency of her partition action, the property was ordered to be sold to a third-party, through a realtor licensed in Florida.

19. Consistent with the ruling in the partition action, Ms. Joens and Mr. Reid ultimately contracted to sell the Subject Property to that third party.

20. The purchase price for the Subject Property was $870,000.00.

21. In furtherance of that contract, the Plaintiff, through its title agent, requested a payoff from Mr. Cooper - the servicer of the loan and agent for Pingora.

22. On June 16, 2023, Mr. Cooper forwarded a payoff figure, attached as Exhibit B.

23. In that payoff figure, Mr. Cooper indicated that two disbursements were coming due, with one being in the next 30 days; however, it gave a payoff figure that was "good through" July 7, 2023.

24. Closing occurred on June 26, 2023. The amounts requested by the lender were tendered through that closing - $408,855.06. Attached as Exhibit C.

25. Plaintiff's agent, CAPSTONE TITLE, wired these funds requested by the lender.

26. The wire was received on or before June 28, 2023.

27. Only after receipt of these funds did Mr. Cooper indicate that on June 28, 2023 it had forwarded funds for a force-placed insurance policy that was not due until July 17, 2023.

28. In conjunction with that payment, Mr. Cooper gave a new payoff - $417,134.06. Attached as Exhibit D.

29. This new payoff sought an additional $8,279.

30. In its new payoff, despite a timely tender of the funds from the original payoff, the "Lender Paid Expenses" increased by $3563, the Escrow Advances increased by $4716.

31. Again, referencing the June 16, 2023 payoff, if any disbursement was required to be paid, which was not included in the payoff amount, it would have totaled $2434.00, not $8,279.

32. Further, both payoffs contain Legal Fees in the amount of $280, expedited delivery fees of $25, Recording Fees of $11, a "Third-Party Reconveyance Preperation Fee" of $20, and $100 for "other fees due."

33. Ultimately, the funds were paid under protest by Ms. Joens and Mr. Reid under protest. See Notice of Error, attached as Exhibit E.

34. Prior to that payment, on July 14, 2023 - the Plaintiff sent the loan servicer a notice of error pursuant to RESPA.

35. In Response, Mr. Cooper indicated that upon receipt of this error, the payoff funds tendered at closing were "short in the amount of $4,582.85." See Notice of Error Response, Exhibit F.

36. In this Response, Mr. Cooper indicates that it paid $4,716 for hazard insurance, despite indicating in its initial payoff that the amount needed, at most, would be $2434.00

37. Despite this review, no attempt was made to correct the previous payoff amounts, and no explanation was given as to why an alleged shortage of $4582.85 resulted in Mr. Cooper seeking an additional $8279.

38. Clearly, this discrepancy is in error.

39. Plaintiff has complied with all conditions precedent to this suit prior to filing same.

40. Plaintiff has engaged The Consumer Protection Attorney, PA and agrees that she will pay said firm a reasonable fee for its services.

## CLASS ALLEGATIONS
## [As to all Counts]

41. Plaintiff brings this action on behalf of themselves and all others similarly situated ("the Class").

42. Plaintiffs represent and are a member of a number classes, including:

   a. A Class consisting of all homeowners within the state of Florida who, within the one year prior to the filing of this cause of action who sold their homes after receiving a mortgage payoff from NATIONSTAR

MORTGAGE LLC d/b/a MR. COOPER ("Mr. Cooper") or PINGORA LOAN SERVICING, LLC, where the payoff figures were changed after closing on that transaction, and additional funds were tendered to satisfy the mortgage.

  b. A Class consisting of all homeowners within the state of Florida who, within the one year prior to the filing of this cause of action who sold their homes after receiving a mortgage payoff from NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER ("Mr. Cooper") or PINGORA LOAN SERVICING, LLC, which charged an inaccurate amount for recording a satisfaction of mortgage.

  c. A Class consisting of all homeowners within the state of Florida who, within the one year prior to the filing of this cause of action who sold their homes after receiving a mortgage payoff from NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER ("Mr. Cooper") or PINGORA LOAN SERVICING, LLC, which reflected a disbursement to be made which was inaccurate, resulting in the need for more funds at closing.

  43. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the class but believes that the Class members number exceeds 100, if not more. Thus, this matter should be certified as a Class action for judicial economy and efficiency and to assist in the expeditions litigation of this matter.

  44. The acts of Defendants harmed plaintiff and members of the class in at least the following ways: Each has requested a payoff figure, closed using that payoff figure, and was charged inaccurate amounts for the satisfaction of a mortgage or for upcoming disbursements.

  45. This suit seeks compensatory damages, injunctive relief, as well as statutory damages on behalf of the Class. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. The joinder of Class members is impractical due to a large number of class members, and the disposition of their claims in the Class action will provide substantial benefits to both the parties and the Court. The Class can be identified through the Defendants' or Defendants' agents' records.

47. There is a well-defined community of interest in the questions of law and facts involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members.

48. As a person who, within the 1 before the filing of this Complaint, Plaintiff has requested a payoff figure, closed using that payoff figure, and was charged inaccurate amounts for the satisfaction of a mortgage or for upcoming disbursements. Plaintiff is asserting claims that are typical of this class. Any individual recovery is being sought in separate and contemporaneously filed litigation. During the periods described prior to the filing of this Complaint, Defendants were engaged in a pattern and practice. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

49. Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the relatively small size of the individual claims, few, if any Class members could afford to seek individual legal redress for the wrongs complained of herein.

50. Plaintiff has retained counsel experienced in handling claims involving violations of the laws referenced herein and has a history in these types of claims.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal and Florida law. The interest of Class members

in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action pursuant to the laws referenced herein is minimal. Management of these claims is likely to present significantly fewer difficulties than those present in many class claims.

## COUNT I - BREACH OF CONTRACT

52. Plaintiff realleges and reincorporates allegations 1 - 52 as if fully set forth herein.

53. The parties clearly had an agreement by virtue of the Note and Mortgage.

54. Defendant, Pingora and Mr. Cooper both allege to have rights and responsibilities pursuant to that agreement.

55. Defendant, Pingora is the purported Holder of the Note in question.

56. Defendant, Mr. Cooper is the servicer for Pingora and Pingora's agent pursuant to a servicing agreement or power of attorney.

57. Pingora and Mr. Cooper breached both the Note and Mortgage when they failed to properly credit payments pursuant to Section 3 of the Note and Section 2 of the Mortgage.

58. Additionally, Pingora and Mr. Cooper breached the Mortgage by charging for a "Third Party Revoneyance Preparation Fee" when there was no reconveying of the property.

59. Additionally, Pingora and Mr. Cooper breached the Mortgage by charging $11 for the recording of satisfaction, which was only $10.

60. Additionally, Pingora and Mr. Cooper breached the Note and Mortgage by seeking more money than she was legally obligated to pay.

61. Clearly, these breaches have caused the Plaintiff damages.

WHEREFORE, Plaintiff requests judgment in her favor, for actual damages, for interest (pre and post judgment), for attorney's fees and costs, and for any and all other relief this court deems just and proper.

## COUNT II - VIOLATION OF REAL ESTATE SETTLEMENT AND PROCEDURES ACT (12 U.S.C § 2605) AND REGULATION X (12 C.F.R 1024)
### [AS TO MR. COOPER]

62. Plaintiff realleges and reincorporates allegations 1 - 52 as if fully set forth herein.

63. Defendant violated RESPA, 12 USC 2601, et. seq., and the regulations applicable thereto for its failure to take timely action to respond to the Plaintiff's requests to correct errors relating to the payoff of the mortgage loan even when such large discrepancies as to the payoff figure were apparent on their face.

64. Counter-Defendant was sent a notice of error concerning these errors and has still refused to correct same.

65. This is a pattern and practice as it has affected other consumers throughout the nation, with at least 10 complaints made with the CFPB.

66. These errors include, but are not limited to, failing to give an accurate payoff amount, failing to properly credit payments, failing to charge proper amounts, and failing to properly respond to notices of errors.

67. As a direct and proximate result of Counter-Defendant's failure to comply with RESPA as set forth above, the Counter-Defendant is liable to Counter-Plaintiff for damages

WHEREFORE, Plaintiff requests judgment in her favor, for actual damages, statutory damages, for interest (pre and post judgment), for attorney's fees and costs, and for any and all other relief this court deems just and proper.

## COUNT III - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### [AS TO MR. COOPER, ONLY]

68. Plaintiff realleges and reincorporates allegations 1 - 52 as if fully set forth herein.

69. Defendant is a debt collector as that term is defined under the FDCPA.

70. Plaintiff is a consumer as that term is defined under the FDCPA.

71. Upon information and belief, the loan was in default at the time that Mr. Cooper's servicing began.

72. Plaintiff violated the FDCPA in the following ways:

    1. It violated 15 U.S.C § 1692e by using false, deceptive, or misleading representations in conjunction with requesting a payoff, falsely representing the amount due and owing on the loan, and falsely representing third-party services, including recording, which could not be recovered.

    2. It violated 15 U.S.C § 1692f when it continued to charged expedited fees when payoffs were not requested on a rush, when it did not properly credit the payments as required under the mortgage, collecting amounts that were not due under the agreement

73. As a result of these violations, the Plaintiff was damaged.

WHEREFORE, Plaintiff requests judgment in her favor, for actual damages, statutory damages, for interest (pre and post judgment), for attorney's fees and costs, and for any and all other relief this court deems just and proper.

### COUNT IV - VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT

74. Plaintiff realleges and reincorporates allegations 1 - 52 as if fully set forth herein.

75. Defendants are persons as that term is defined under the FCCPA.

76. Plaintiff is a consumer under the FCCPA.

77. Plaintiff violated the FCCPA when it attempted to collect amounts that were not actually due and owing under the loan.

78. Specifically, the Defendants had actual knowledge that the "updated" payoff sought to collect more than the escrow advance that was due in the original payoff.

79. Further, the Plaintiff knew, or should have known, that the recording fee charged was inflated by 10%.

80. As a result of these violations, the Plaintiff was damaged.

WHEREFORE, Plaintiff requests judgment in her favor, for actual damages, statutory damages, for interest (pre and post judgment), for attorney's fees and costs, and for any and all other relief this court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a jury trial on all issues so triable

Dated: November 17, 2023

    Respectfully submitted,

    THE CONSUMER PROTECTION ATTORNEY, PA
    Attorneys for Defendant(s).
    301 W. Platt St., #216.
    Tampa, FL 33606
    Phone: 813.252.0239
    Email: bryant@theconsumerprotectionattorney.com
    eservice@theconsumerprotectionattorney.com

    By:    /s/ Bryant H. Dunivan Jr.
            Bryant H. Dunivan Jr., Esq.
            Fla. Bar No.: 102594
            MI P. No.: 85206