UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET JOENS,

      Plaintiff,

v.                                Case No. 8:23-cv-2717-MSS-NHA

NATIONSTAR MORTGAGE, LLC, et al,

      Defendants.

_____/

## **ORDER**

I deny Defendants' motion to stay discovery pending resolution of their motion to dismiss (Doc. 18).

On November 28, 2023, Plaintiff Janet Joens filed a purported class action lawsuit against Defendants Pingora Loan Servicing, LLC, and Nationstar Mortgage, LLC, related to Defendants' handling of the pay-offs of borrowers' mortgages. Compl. (Doc. 1). Plaintiff brings four claims: (1) breach of contract against both Defendants, (2) violation of the Real Estate Settlement and Procedures Act against Defendant Nationstar, (3) Violation of the Fair Debt Collection Practices Act against Defendant Nationstar, and (4) violation of the Florida Consumer Collection Practices Act against both Defendants. *Id.* Defendants have moved to dismiss the Complaint. Doc. 13. Plaintiff's response is due on March 12, 2024. Doc. 16.

Defendants now move to stay discovery pending resolution of their motion to dismiss. Doc. 18. Defendants argue that they are likely to succeed on their motion to dismiss, and that a stay will save the parties time and money. *Id.* Plaintiff does not oppose the stay. *Id.*

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997*); see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate [judge] has broad discretion to stay discovery pending decision on a dispositive motion."). However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The Middle District of Florida Handbook on Civil Discovery provides:

> Normally, the pendency of a motion to dismiss ... will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motion for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2021) § I(E)(4).

2

Here, although the Court has not yet entered a scheduling order, a delay in discovery pending the Court's resolution of the motion to dismiss will necessarily extend the pendency of this case.

In determining whether a stay of discovery is nevertheless warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and eliminate the need for discovery. *See Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652–53 (quotations omitted); *see also Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (condoning the use of the "preliminary peek" to decide whether to stay discovery pending a dispositive motion).

Taking a "preliminary peek" at Defendants' motion to dismiss (Doc. 13), it is not certain that Defendant's motion satisfies the "extraordinarily stringent 'clearly meritorious standard.'" *Feldman*, at 652. Moreover, the motion is not necessarily "truly case dispositive." Defendants move for dismissal on the basis that Plaintiff has failed to state a claim (Doc. 13); because this is the first such motion, should the Court grant Defendants' motion to dismiss, it might do so without prejudice, in which case the litigation would continue. *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983) ("[G]rant of leave to

3

amend is particularly appropriate following dismissal of a complaint for failure to state a claim . . . ." (citation omitted)).

And Defendants have not shown that "unusual circumstances" create a specific prejudice or an undue burden that would override this Court's general disfavor of discovery stays. *See* Middle District Discovery (2021) § (I)(E)(4). The general proposition that discovery in a putative class action can be time-consuming and expensive does not constitute sufficiently unusual circumstances here. *See, e.g., Hamad v. Frontier Airlines, Inc.*, No. 6:23-CV-1209-WWB-LHP, 2024 WL 22031, at *2 (M.D. Fla. Jan. 2, 2024) (finding no special circumstances warranted stay of discovery in putative class action); *Negreanu v. Starbucks Corp.*, No. 8:22-cv-2421-CEH-SPF, 2023 WL 1971435, at *2 (M.D. Fla. Feb. 13, 2023) (same); *Torres v. Wendy's Int'l, LLC*, No. 6:16-cv-210-ORL-40DCI, 2016 WL 7104870, at *3 (M.D. Fla. Nov. 29, 2016) ("The burden argued by Defendant is that of most any large company saddled with a class action complaint, and there are no specific facts or allegations in the Motion [for stay of discovery] that would establish an undue burden upon Defendant."); *Direct USA, Inc. v. Wells Fargo Bank*, N.A., No. 8:11-cv-2008-T-35AEP, 2012 WL 13106334, at *1 (M.D. Fla. Jan. 13, 2012) ("[M]erely stating that 'needless expense' will be incurred does little to demonstrate that the Defendant will suffer financial hardship by proceeding with the discovery phased of this case").

For these reasons, the potential harm of delaying discovery outweighs the possibility that the need for discovery will be entirely eliminated.

Defendants' motion to stay discovery is DENIED.

ORDERED on February 29, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge